## MEMORANDUM
## TO THE HONORABLE LORETTA PRESKA
### United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08

RE: **Noorullah Zadran**

DOCKET NO.: **04-CR-1185**

**Response to Offender's Request for Early Termination**

Reference is made to the above-named offender who was sentenced by Your Honor on September 20, 2005, to 2 months custody, 3 years supervised release, $5,000 fine and $200 special assessment. Special conditions mandate payment of the fine within 60 days of sentencing, on in equal monthly installments during the term of supervised release. This sentence followed the offender's conviction on one count each of Conspiracy to Commit Mail Fraud and Making False Statements on Income Tax Returns. The offender's supervised release term began on January 13, 2006, and is scheduled to terminate on January 12, 2009.

We write with regard to the offender's request for early termination. As we explained to your law clerk, Philip Tisne, this afternoon, we acknowledge that the offender has completed two thirds of his supervision term and that he has satisfied all financial obligations to the Court. However, we do not believe that this conduct satisfies the criteria set forth in caselaw issued from the Second Circuit Court of Appeals.

It is the practice of the United States Probation Department for the Eastern District of New York only to recommend early termination in extraordinary cases. This practice is consistent with opinions from the Second Circuit, which noted that "[e]arly termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of an offender, such as 'exceptionally good behavior.'" *U.S. v. Lussier, 104F.3d 32, 36(2d Cir.1997), U.S. v. Sheckley, 129 F.3d 114 (2d Cir. 1997)*. While the Second Circuit did not detail what it meant by "exceptionally good behavior," presumably it requires the offender to do something extra - something more than that which is required of them by statute or by the conditions of supervision.

We have visited the offender at his job site and confirmed that he is the manager of a Salvation Army thrift store in East Northport, New York. We are not aware of his working with the organization in any other capacity. While we agree that the offender has complied with the conditions of supervised release, we do not believe that he has demonstrated "exceptionally good behavior" while on supervision. Further, as to the offender's argument that his being on supervision is an "unnecessary pain ... to [his] family and [him]," we submit that the offender reported to our office 4 times last year, most recently on August 4, 2007. The Probation Department visited the offender at his home and job site a total of 3 times. More often than not, the offender is directed to mail his monthly supervision report to the undersigned and does so

Zadran, Noorullah                                  - 2 -

without incident.

    After a careful and thorough review of all factors, the Probation Department has determined that while the offender has complied with the conditions of supervised release, he has not demonstrated "exceptionally good behavior," and therefore has not satisfied the criteria necessary for early termination. As a result, Probation respectfully recommends that the offender's application for early termination be denied. We await the Court's response on this matter.

                          RESPECTFULLY SUBMITTED:

                          TONY GAROPPOLO
                          CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
                Anie Gonzalez
                U.S. Probation Officer
                631-712-6314

APPROVED BY: _____
                David J. Washington
                Supervising U.S. Probation Officer

Central Islip, New York
January 29, 2008

Early Termination
Granted: _____
                U.S. District Judge              Date

Early Termination
Denied: _____Loretta A. Preska_____  2/3/08
                U.S. District Judge              Date